## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, Jr., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:20:cv464 |
| v. | : | |
| | : | |
| R. WHITAKER, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BROWN'S MOTION FOR SUMMARY JUDGMENT

Defendant, Derrick Brown ("Sgt. Brown"), by counsel, and pursuant to Fed. R. Civ. P. 56(c), submits this Memorandum of Law in Support of his Motion for Summary Judgment. In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff claims that Sgt. Brown failed to protect him from another officer's use of excessive force. Specifically, plaintiff alleges that he told Sgt. Brown and MJO Whitaker he was afraid of returning to his cellblock from the medical department. He contends that Sgt. Brown and MJO Whitaker carried him through the air and that Officer Whitaker took him to the ground, choked him and nearly strangled him to death. Plaintiff maintains that Sgt. Brown watched while he was choked unconscious and made no attempt to stop Officer Whitaker. The record, however, belies plaintiff's claim. A videotape of the incident, coupled with sworn affidavits, reveals that plaintiff refused to follow orders to walk into his housing unit, was picked up, whereupon he began to kick and flail at the officers, and in just over a minute, was lowered to the ground, shackled, sat up, stood up, and then walked into the housing unit. Plaintiff cannot establish bystander liability on this record.

**I.   STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56(B)**

1. At all relevant times, plaintiff was incarcerated at the Hampton Roads Regional Jail ("HRRJ").

2. At all relevant times, Sgt. Brown was a jail officer at HRRJ.

3. On February 8, 2019, Officer Hunter and Officer Johnson were escorting plaintiff from the medical department to his housing unit, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor. (Ex.1, Hunter Aff; Ex.2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

4. Officer Hull responded to a call for assistance and directed plaintiff to get up, which he refused to do. (Ex.1, Hunter Aff.; Ex 2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

5. Sgt. Brown and MJO Whitaker then came to assist and gave plaintiff several directives to go to his pod. (Ex. 1, Hunter Aff.; Ex.2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

6. Sgt. Brown tried to deescalate the situation, telling plaintiff that he could not stay there and had to go to his cell. Plaintiff refused Sgt. Brown's directives, stating, "if any of you touch me, I will bite you." (Ex.2, Hull Aff.)

7. Plaintiff continued to refuse. He was brought to his feet, picked up, and escorted to his pod. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex.4, Video)

8. As the officers escorting him approached the door to Housing Unit 3, plaintiff began to kick and flail, and they took him down to the floor to gain control. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

9. Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and flail.  (Ex. 2, Hull Aff.)

10. Sgt. Brown asked Officer Hunter to get leg irons, and she placed them on plaintiff, at which point he was brought to his feet and walked to his cell.  (Ex 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

11. None of the officers present observed Officer Whitaker choking plaintiff, including Officer Hull who was near his shoulder when he was on the floor.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

12. None of the officers present observed plaintiff passed out or unconscious.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

13. None of the officers presents observed urine on the floor.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

14. The video begins at 12:09:55, with plaintiff sitting on the floor refusing directives from Officers Hunter and Johnson to go to his pod.  First Officer Hull, then Sgt. Brown and MJO Whitaker arrive to assist. (Ex. 4, Video)

15. At 12:11:30, the officers bring plaintiff to his feet and walk/carry him to Housing Unit 3.  At 12:11:47, plaintiff can be seen kicking and flailing as the officers try to gain control.  Plaintiff is lowered and on the ground at 12:11:54 and continues to kick.  (Ex. 4, Video)

_____
*Simmons v. Whitaker, et al*   Case No. 1:20cv464   PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM
Page **3** of **7**

16. Officer Hunter goes into the control room to get leg irons, which she is seen placing on plaintiff by 12:12:45.  (Ex. 4, Video)

17. By 12:13:19, plaintiff sits up, and within seconds, he is brought to his feet and walking into the housing unit.  (Ex. 4, Video)

18. Forty-nine seconds elapse from the time plaintiff is on the ground until the leg irons are on, 34 seconds later plaintiff is sat up, and mere seconds later he is on his feet and walking.  (Ex. 4, Video)

19. The video does not show any urine on the floor or that the floor had to be cleaned; rather, Officers Hunter and Johnson are seen picking up papers after plaintiff stands up. (Ex. 4, Video)

20. At no time was Sgt Brown aware of or did he ignore a use of excessive force by Officer Whitaker in lowering plaintiff to the ground and gaining control of a combative inmate.  (Ex. 3, Brown Aff.)

21. There is no record of any medical treatment rendered to plaintiff on February 8, 2019, other than his visit prior to this incident.  (Ex. 5, Westbrook Aff.)

22. On February 11, 2019, plaintiff was seen by medical for his anti-seizure medications and on-going orthopedic issues with his knee and back for which he had been prescribed naproxen. The nurse noted an area of slight swelling and tenderness on the right side of his neck related to an incident on February 8, but indicated he was not in distress and no treatment was provided.  (Ex. 6, Medical Record)

## II.     ARGUMENT

### A.     Legal Standard

Summary judgment is appropriate in the absence of any genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986). Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party fails to make a sufficient showing on an essential element of the claims on which he bears the burden of proof, the moving party prevails. *Id*. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While the court draws all inferences in favor of the non-moving party, speculative assertions will not suffice. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1989).

### A.  Plaintiff cannot establish bystander liability against Sgt. Brown.

Plaintiff alleges that Sgt. Brown stood by while Officer Whitaker choked him. Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002). As to the second prong, "[i]f the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible." *Id.* at 204 n. 24. Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 US. 372, 380 (2007). As the Fourth Circuit holds, if "the record contains an unchallenged videotape capturing the events in question, [the court] must only credit

the plaintiff's version of the facts to the extent it is not contradicted by the videotape." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Here, there is no evidence that Sgt. Brown knew that Officer Whitaker was violating plaintiff's rights. Neither Sgt. Brown, nor Officer Hull, who was by plaintiff's shoulder, or Hunter, observed Officer Whitaker choke plaintiff. None of them observed plaintiff passed out or unconscious, or in a pool of urine. Plaintiff did not receive any medical treatment. The videotape of the incident reflects the short time that elapsed from plaintiff's being lowered to the ground kicking and flailing to when the leg irons were put on, he sat up, and walked. Further, plaintiff's suggestion that Officer Whitaker is Sgt. Brown's "henchman" is offensive; Sgt. Brown attests that he never directed former Officer Whitaker to hurt an inmate. (Ex. 3, Brown Aff.)

Sgt. Brown is entitled to summary judgment on plaintiff's bystander liability claim.

### III. CONCLUSION

For the reasons set forth above, defendant Sgt. Derrick Brown respectfully requests the Court to enter summary judgment in his favor and to dismiss plaintiffs' claims, with prejudice.

DERRICK BROWN

By: _____/s/_____
　　　　Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:   (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

Lisa Ehrich, Esquire
Virginia Bar No. 32205
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax: (757) 497-1914
lehrich@pendercoward.com
*Counsel for Brown*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of December, 2020 I will electronically file the foregoing ***Memorandum of Law in Support of Defendant Brown's Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

      Johnnie R. Simmons, Jr.
      Inmate No. 43692
      Hampton Roads Regional Jail
      P. O. Box 7609
      Portsmouth, VA 23707
      *Pro Se*

      /s/
      Jeff W. Rosen, Esquire (VSB #22689)
      Pender & Coward, P.C.
      222 Central Park Avenue, Suite 400
      Virginia Beach, Virginia 23462
      Phone: (757) 490-6253
      Fax: (757) 497-1914
      jrosen@pendercoward.com
      *Counsel for Brown*